IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

BYRON KEITH HARMON, §
TDCJ #01801973, §
 §
      Petitioner, §
 §
v. §
 § CIVIL ACTION NO. H-18-0943
LORIE DAVIS, Director, §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
 §
      Respondent.[1] §

**MEMORANDUM OPINION AND ORDER**

Texas inmate Byron Keith Harmon has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1), seeking relief from a prison disciplinary conviction. After considering the pleadings and the applicable law, the court will dismiss this action for the reasons explained below.

**I. Background**

Harmon is currently serving a 35-year prison sentence in the Texas Department of Criminal Justice - Correctional Institutions

---

[1]Harmon lists Warden Calvin E. Tucker as the respondent. Because Harmon is in custody of the Texas Department of Criminal Justice - Correctional Institutions Division, Director Lorie Davis is substituted as the proper respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

Division ("TDCJ") as the result of a conviction that was entered against him in Harris County, Texas.² Although Harmon does not specify the offense, public records reflect that Harmon received that sentence after a jury in the 351st District Court for Harris County, Texas, found him guilty of aggravated robbery in Cause No. 1355981. See Harmon v. State, No. 14-12-00713-CR, 2014 WL 1852172 (Tex. App. — Houston [14th Dist.] May 6, 2014, no pet.).

Harmon now seeks relief in the form of a federal writ of habeas corpus to challenge a prison disciplinary conviction that was entered against him at the Stiles Unit, where he is currently confined.³ In particular, Harmon challenges a conviction entered against him on January 4, 2018, in disciplinary case number 20180114334, for sexual misconduct.⁴ As a result of this disciplinary conviction, Harmon lost 30 days of previously earned good-time credit.⁵

Harmon argues that he was denied due process at his disciplinary hearing because he was not allowed to confront and cross-examine the charging officer.⁶ Harmon also argues that there

---

²Petition, Docket Entry No. 1, p. 2.

³Id. at 1, 5.

⁴Id. at 5.

⁵Id.

⁶Id. at 7.

was insufficient evidence to support the conviction,[7] and that he was excluded from a portion of the proceedings and not allowed to testify on his own behalf.[8]

## II. Prison Disciplinary Proceedings

An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. See Wolff v. McDonnell, 94 S. Ct. 2963, 2974-75 (1974). Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. See Sandin v. Conner, 115 S. Ct. 2293, 2302 (1995). A Texas prisoner cannot demonstrate a Due Process violation in the prison disciplinary context without first satisfying the following criteria: (1) he must be eligible for early release on the form of parole known as mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good-time credit. See Malchi v. Thaler, 211 F.3d 953, 957-58 (5th Cir. 2000).

Although Harmon lost previously earned good-time credit, he admits that he is not eligible for mandatory supervision.[9] Because

---

[7]Id.

[8]Id. at 8.

[9]Petition, Docket Entry No. 1, p. 5 ¶ 16. As a matter of Texas law, prisoners convicted of aggravated robbery are not
(continued...)

Harmon cannot establish a violation of constitutional proportion under these circumstances, his Petition will be dismissed for failure to state a claim upon which relief may be granted.

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). The court concludes that jurists of reason would not debate the assessment of the petitioner's claims or whether the petitioner has demonstrated the violation of a constitutional right. Therefore, a certificate of appealability will not issue.

### IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Petition for a Writ of Habeas Corpus By a Person in State Custody filed by Byron Keith Harmon

---

[9](...continued)
eligible for mandatory supervision. See Tex. Gov't Code § 508.149(a)(12).

(Docket Entry No. 1) is **DENIED**, and this action will be dismissed with prejudice.

2. A certificate of appealability is **DENIED**.

3. Harmon's Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this the 28th day of March, 2018.

                                                SIM LAKE
                            UNITED STATES DISTRICT JUDGE